UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KATIA BYRAM | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| AMERICAN SENIOR | ) |
| COMMUNITIES, LLC d/b/a | ) |
| HILLCREST VILLAGE | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Katia Byram ("Byram" or "Plaintiff"), by counsel, brings this action against Defendant, American Senior Communities, LLC d/b/a Hillcrest Village, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq*.

**II. PARTIES**

2. Byram is a resident of Clark County in the state of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Byram was an "employee" as that term is defined by 42 U.S.C §2000e(f).

7. Byram satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination/retaliation and a hostile work environment based on her race, national origin, religion, and color. Byram received the required Notice of her Right to Sue and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff is black, originally from France, and is a practicing Catholic. Plaintiff speaks with a strong accent.

10. Plaintiff began working for Defendant on or about May 6, 2020, as a Housekeeper. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.

11. In or around November 2020, Plaintiff was transferred to the Dietary-Culinary by the Administrator/Executive Director, Mark Bowman ("Bowman"). At the time of her transfer, Teresa Dixon ("Dixon") was the Dietary Culinary Manager.

12. Around the same time as her transfer, Plaintiff complained to Bowman of a hostile work environment.

13. Also, around the same time as her transfer, Plaintiff was employed at another company and was offered a leadership position at a different location. Because of her transfer with Defendant, she declined the leadership position with her other employer.

14. On or about July 16, 2022, Plaintiff was praying while on her break in the lounge area at work. Plaintiff was also found praying on her break on or about July 18, 2022, in the chapel. Bob Smith ("Smith") mistakenly believed Plaintiff was sleeping and reported her.

15. Plaintiff was terminated on or about July 25, 2022, for sleeping while on duty.

16. Prior to her termination, Plaintiff complained multiple times to HR Compliance Officer, Tanya Bracken ("Bracken") and Bowman about her discriminatory treatment. Plaintiff also informed Bracken and Bowman that she was not sleeping but rather praying while on break.

17. Similarly situated individuals were not disciplined and/or terminated for using engaging in the same activities as Plaintiff.

## V. CAUSES OF ACTION
### COUNT I: RACE DISCRIMINATION

18. Byram hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Defendant discriminated against Byram by terminating her because of her race.

20. Defendant's actions were intentional, willful, and in reckless disregard of Byram's rights as protected by Title VII of the Civil Rights Act of 1964.

21. Byram has suffered damages as a result of the Defendant's unlawful actions.

### COUNT II: NATIONAL ORIGIN DISCRIMINATION

22. Byram hereby incorporates paragraphs one (1) through twenty-one (21) of her Complaint as if the same were set forth at length herein.

23. Defendant discriminated against Byram by terminating her because of her national origin.

24. Defendant's actions were intentional, willful, and in reckless disregard of Byram's rights as protected by Title VII of the Civil Rights Act of 1964.

25. Byram has suffered damages as a result of the Defendant's unlawful actions.

### COUNT III: RELIGIOUS DISCRIMINATION

26. Byram hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendant discriminated against Byram by terminating her because of her religion.

28. Defendant's actions were intentional, willful, and in reckless disregard of Byram's rights as protected by Title VII of the Civil Rights Act of 1964.

29. Byram has suffered damages as a result of the Defendant's unlawful actions.

### COUNT IV: COLOR DISCRIMINATION

30. Byram hereby incorporates paragraphs one (1) through twenty-nine (29) of her Complaint as if the same were set forth at length herein.

31. Defendant discriminated against Byram by terminating her because of her color.

32. Defendant's actions were intentional, willful, and in reckless disregard of Byram's rights as protected by Title VII of the Civil Rights Act of 1964.

33. Byram has suffered damages as a result of Defendant's unlawful actions.

### COUNT V: RETALIATION

34. Byram hereby incorporates paragraphs one (1) through thirty-three (33) of her Complaint as if the same were set forth at length herein.

35. Byram engaged in protected activity when she opposed, race-, national-origin-, religious-, and color-based harassment and discrimination and made complaints to Defendant regarding her disparate treatment.

36. Defendant retaliated against Byram by disciplining and/or terminating her.

37. Defendant's actions were intentional, willful, and in reckless disregard of Byram's rights as protected by Title VII of the Civil Rights Act of 1964.

38. Byram has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Katia Byram, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Byram's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Byram of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Taylor J. Ferguson
Taylor J. Ferguson
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Katia Byram*

## DEMAND FOR JURY TRIAL

Plaintiff, Katia Byram, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Taylor J. Ferguson
Taylor J. Ferguson
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: tferguson@bdlegal.com
*Counsel for Plaintiff, Katia Byram*